Mr. Justice Jakes
delivered the opinion of the court.
This case involves the construction of a will in which the testator has made the following provisions:
He gives a certain lot to his daughter, Isabella Keiber, in trust for the benefit of her children; then in a similar manner he proceeds to give certain lots to the mothers of certain groups of children until he comes to these premises:
“ I give and bequeath to my son, Edward Edwards, in trust for the benefit of John, Charles, Joseph, Mary and Hannah Ferry, children of my deceased daughter, Sarah Ferry,” a certain house and lot.
The provisions which we have specially to consider so as to determine the meaning of one particular clause, are the devises to Eliza Ferry and Mary Langley. There are three which relate to these persons. The first is:
“I give and bequeath to my daughter, Eliza Ferry, in trust for the benefit of her children, the brick house and lot on which it is erected.” [Describing.]
The next is: “I give and bequeath to my daughter, Mary Langley, in trust for the benefit of her children, the brick house and lot on which it is erected.” [Describing it.]
These are separate devises: one to Eliza Ferry, for her children, and one to Mary Langley, in trust for her children, *145 ’•the names of none of the children being mentioned in either -devise.
Next he proceeds to devise to those two persons together, as trustees, in the following terms:
“ I give and bequeath to my daughters, Eliza Ferry and Mary Langley, in trust for the benefit of their children, the house and lot on which it is erected, fronting on L street, house No. 1428.” [Describing it.]
Last of all he provides that “ in the above devises and bequests that I have made, I wish it to be understood that my desire is, that the property so named and designated be held in trust by the persons so named as trustees, until the youngest child in each family shall become of age, when it -shall be conveyed to them as tenants in common.” ■
It will be perceived that while the testator gives a particular lot to Eliza Ferry separately for the benefit of her children, and a particular lot to Mary Langley, in trust for the benefit of her children, he conveys only one house and lot to these two mothers jointly for the benefit of their children, without stating in terms how the3r are f° take. The question which we are called upon to decide is whether the children of Eliza Ferry and the children of Mary Langley as groups take one-half, or whether, in case there are nine •children in one group and two children in the other, as suggested to us on the argument, they are to take per capita each. That is to say, whether the nine shall take one-half and the two one-half, or whether the two shall take two-elevenths, and the nine nine-elevenths.
We have come to our conclusion with some reluctance, but we are not furnished with the means of ascertaining what the effect will be as to equality of distribution. There is a certain spirit manifested in the will of intending to work out justice and equality among all these devisees. If we knew the values of the real estate and knew how many children there are in each of these families, we might be made possibly to come to a different conclusion. But we have nothing but the words- of the will. Nor do we know what advances may have been made by the testator to any *146 of these families. If our construction works out inequality,, it is because we do not know the value of the property given to Eliza Ferry, supposing her to be the mother of the nine, or the value of that given to Mary Langley and her children, There may be such inequalities in their values as to make it strictly equal to giving one-half only to the nine children of Eliza Ferry, and other half to the two children of Mary Langley.
We have looked over the whole of this will to find out what was really intended. Now we find one clause giving-to Eliza Ferry a house and lot for the benefit of her children, who were evidently looked upon as a group to which this property was given as a provision. The same course was followed in the devise of another house and lot to .Mary Langley and her children, whether many or few. The testator has then one more house left, and this he gives to the same mothers for their children, and our conclusion is that he intended to regard them as groups in this instance just as he had done before.
There is one expression which the testator uses which confirms me in that opinion and which I think was taken into consideration by the court: “In the above devises and bequests that I have made, I wish it to be understood that my desire is that the property so named and designated, beheld in trust by the persons so named as trustees, until the youngest child in each family shall become of age.” He mentions them as families, indicates in that expression that, he was providing for them as families ; that he looked upon them as families ; and he kept them out of possession as an entire family in each case ; in all these separate devises and in the joint one alike, he would not allow the property ta become vested in them so as to enable them to make partition or to dispose of it until the youngest child should become of age.
Looking, then, at the face of the will, without the aid of any history of the pieces of property, and without any information as to what the testator may have done for' the advancement of these families we are led to the conclusion *147 that his intention was to make provision for group by group, and that he kept them in his mind in that relation, and that this clause which we are called upon to construe means that Eliza Eerry and Mary Langley take as trustees for two groups of children; we are told one of them is nine and the other two; each group takes one-half.
The decree below is affirmed.